UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN R. ALVES, et al., )
)
    Plaintiffs, )
)
v. ) C. A. No. 13-106-M-LDA
)
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC., et al., )
)
    Defendants. )

## ORDER

The Court has reviewed the Complaint (ECF No. 1) and Defendants' Motion for Judgment on the Pleadings. (ECF No. 14). The Complaint in this case is very similar if not identical in all relevant factual and legal respects to the complaints filed in *Clark v. Mortg. Elec. Registration Sys., Inc.*, C.A. No. 12-802, — F.Supp.2d —, 2014 WL 1259954 (D.R.I. March 27, 2014) and *Era v. Morton Cmty Bank*, C.A. No. 11-455-M, — F.Supp.2d —, 2014 WL 1265699 (D.R.I. Mar. 28, 2014). *Clark* and *Era* were exemplar cases, chosen by the parties to establish precedent on legal issues common to a majority of the mortgage foreclosure cases.

The specific and relevant facts of this case as alleged in the Complaint are as follows: Plaintiffs executed a mortgage with MERS as the nominee for Prime Mortgage Financial, Inc. as Lender. On May 29, 2012, MERS assigned the mortgage to Bank of New York.

In the Complaint, Plaintiffs allege, among other things, that the assignment was void because there was no recorded power of attorney; MERS did not have the note and mortgage so the assignment was void; Bank of New York did not have note and mortgage so the foreclosure was illegal; only the lender could invoke the statutory power of sale; only the lender could

publish notice of sale as required in mortgage ¶ 22; and the note is current or has been satisfied. During argument, Plaintiffs' counsel cited to several paragraphs in their complaint where they allege that Bank of New York did not hold the note and therefore could not foreclose.

Although it appears from the hearing that Plaintiffs no longer take issue with the assignment, the Court finds that they nevertheless lack standing to challenge it because their allegations are merely that it was voidable, not void. *See Wilson v. HSBC Mortg. Serv.*, 744 F.3d 1 (1st Cir. 2014); *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282 (1st Cir. 2013); *Clark*, 2014 WL 1259954; *Era*, 2014 WL 1265699.

Moreover, Plaintiffs' allegations about MERS fail in the face of the Rhode Island Supreme Court's decisions in *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I. 2013) and *Moura v. Mortg. Elec. Registration Sys., Inc.*, 2014 WL 1998742 (R.I. May 16, 2014), which validated the MERS system and MERS' role as nominee on behalf of the note owner. *See also Ingram v. Mortg. Elec. Registration Sys., Inc.*, 94 A.3d 523 (R.I. 2014) (the assignee of lender's nominee acquired all the rights that the nominee possessed, including the right to exercise the power of sale over mortgaged property). Under the facts of this case, because MERS had the power to foreclose as mortgagee, once MERS assigned to Bank of New York, it had the same power.

Finally, Plaintiffs' argument that Bank of New York did not hold the note so could not foreclose has been rejected by the Rhode Island Supreme Court when it held that "the note and the mortgage [does] not need to be held by one entity" in order to exercise the statutory power of sale. *Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527, 537 (R.I. 2013) (citing *Bucci*, 68 A.3d 1084-85).

Therefore, Defendants' Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED. The case is dismissed as to all Defendants and all claims.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

September 24, 2014